1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10

11

12

13

14

15

| | |
|---|---|
| ELIZABETH A. MIX,                   ) | |
|                            ) | Case No. 2:16-cv-01859-APG-NJK |
|           Plaintiff(s),     ) | |
|                            ) | |
| vs.                       ) | REPORT AND RECOMMENDATION |
|                            ) | |
| NANCY A. BERRYHILL, ACTING   ) | (Docket Nos. 21, 23) |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                            ) | |
|           Defendant(s).    ) | |

16    This case involves judicial review of administrative action by the Commissioner of Social

17 Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and

18 supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. Ch. 7.

19 Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21.

20 The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 23. No

21 reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and

22 recommendation.

23 **I.     STANDARDS**

24    A.     Judicial Standard of Review

25    The Court's review of administrative decisions in social security disability benefits cases is

26 governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section

27 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

28 made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

1   review of such decision by a civil action . . . brought in the district court of the United States for the

2   judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript

3   of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

4   Security, with or without remanding the cause for a rehearing." *Id.*

5       The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.

6   42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits

7   if the Commissioner applied the proper legal standard and there is substantial evidence in the record as

8   a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth

9   Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is

10  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's

12  findings are supported by substantial evidence, the Court reviews the administrative record as a whole,

13  weighing both the evidence that supports and the evidence that detracts from the Commissioner's

14  conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

15      Under the substantial evidence test, the Commissioner's findings must be upheld if supported

16  by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190,

17  1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court

18  must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

19  Consequently, the issue before this Court is not whether the Commissioner could reasonably have

20  reached a different conclusion, but whether the final decision is supported by substantial evidence.

21      It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to

22  the basis of the findings when determining if the Commissioner's decision is supported by substantial

23  evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where

24  appropriate, should include a statement of subordinate factual foundations on which the ultimate factual

25  conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez

26  v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

27

28

1    B.    Disability Evaluation Process

2    The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

3    *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the

4    "inability to engage in any substantial gainful activity by reason of any medically determinable physical

5    or mental impairment which can be expected . . . to last for a continuous period of not less than 12

6    months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work,

7    then the burden shifts to the Commissioner to show that the individual can perform other substantial

8    gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

9    The ALJ follows a five-step sequential evaluation process in determining whether an individual

10   is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If

11   at any step the ALJ determines that he can make a finding of disability or nondisability, a determination

12   will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003);

13   *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual

14   is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined

15   as work activity that is both substantial and gainful; it involves doing significant physical or mental

16   activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging

17   in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the

18   analysis proceeds to the second step.

19   The second step addresses whether the individual has a medically determinable impairment that

20   is severe or a combination of impairments that significantly limits him from performing basic work

21   activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when

22   medical and other evidence establish only a slight abnormality or a combination of slight abnormalities

23   that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921;

24   Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically

25

26   [1] SSRs constitute the Social Security Administration's official interpretations of the statute it
27   administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).
     They are entitled to some deference as long as they are consistent with the Social Security Act and
28   regulations. *Id*.

determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSRs 96-4p, 16-3p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to

perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

A.    Procedural History

On July 26, 2012, Plaintiff filed an application for supplemental security income alleging that she became disabled on March 22, 2011. *See* Administrative Record ("A.R.") 145-153. Plaintiff's claims were denied initially on November 1, 2012, and upon reconsideration on May 23, 2013. A.R. 101-04, 108-10. On July 1, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 111. On May 28, 2014, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Regina L. Sleater. A.R. 31-78. On August 15, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was filed. A.R. 14-30. On March 31, 2016, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 6-11.

Plaintiff obtained an extension to file this civil action from the Appeals Council. A.R. 1-5. On August 5, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

B.    The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 14-30. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

1   activity since July 23, 2012. A.R. 19. At step two, the ALJ found that Plaintiff has the following severe

2   impairments: obesity, mild degenerative disc disease of the lumbar spine, and history of right knee

3   injury. A.R. 19-20. At step three, the ALJ found that Plaintiff does not have an impairment or

4   combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part

5   404, Subpart P, Appendix 1. A.R. 20.

6       The ALJ found that Plaintiff has the residual functional capacity to perform light work as defined

7   in 20 C.F.R. § 416.967(b), and specifically that Plaintiff can lift and/or carry 25 pounds occasionally and

8   20 pounds frequently; she can stand and/or walk for six hours in an eight-hour workday (with normal

9   breaks); she can sit for six hours in an eight-hour workday; she can frequently climb ladders, ropes, and

10  scaffolds; and she can occasionally stoop. A.R. 20-24. At step four, the ALJ found that Plaintiff could

11  perform her past relevant work as a retail sales clerk. A.R. 25.

12      Based on all of these findings, the ALJ found Plaintiff not disabled and denied the application

13  for supplemental security income. A.R. 25-26.

14  **III.    ANALYSIS AND FINDINGS**

15      Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ erred in finding her

16  testimony not fully credible. Second, Plaintiff argues that the ALJ erred in assigning weight to the

17  opinions presented. The Court will address each issue in turn below.

18      A.    Adverse Credibility Determination

19      The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine

20  whether the individual presented objective medical evidence of an impairment that could reasonably be

21  expected to produce some degree of pain or other symptoms alleged; and (2) if the individual has

22  satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the

23  individual's testimony about the severity of the symptoms by giving specific, clear, and convincing

24  reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding

25  of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate

26  that the individual's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may

27  consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in

28  testimony or between testimony and conduct, daily activities, and unexplained, or inadequately

explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted). If an ALJ's adverse credibility determination is supported by substantial evidence, the Court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2]

Plaintiff argues on appeal that the ALJ erred in finding her testimony not fully credible. Docket No. 21 at 12-14. The Commissioner disagrees, arguing that the ALJ appropriately found Plaintiff not fully credible based on the lack of objective support, the conservative nature of Plaintiff's treatment, Plaintiff's daily activities, Plaintiff's previous ability to work despite similar symptoms, inconsistent statements in the record, and Plaintiff's appearance and demeanor during the hearing. Docket No. 23 at 10-15.

The Commissioner has the better argument. As noted by the Commissioner, the ALJ made an adverse credibility determination based on the lack of objective support, the conservative nature of Plaintiff's treatment, Plaintiff's daily activities, Plaintiff's previous ability to work despite similar symptoms, inconsistent statements, and Plaintiff's appearance and demeanor during the hearing. *See* A.R. 21-23. All of those considerations have been found to be proper by the Ninth Circuit. *E.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (an ALJ may permissibly consider the

---

[2] At the time of the ALJ's decision, the credibility analysis was governed by SSR 96-7p. Effective March 28, 2016, that provision has been superseded by SSR 16-3p. *See* Section I.B., *supra* (discussing SSR 16-3p). Although both parties note this change, neither meaningfully addresses which provision should apply in this case. *See* Docket No. 21 at 10 n.1 (stating confusingly that "[t]his party does not contend that the new rule defeated any reliance on the old ruling," but then stating that "Social Security Ruling 16-3p applies"); Docket No. 23 at 11 n.6 (noting only that SSR 96-7p was in effect as of the date of the ALJ's decision so the ALJ relied on that provision). There appears to be a split of authority on whether SSR 16-3p should be applied retroactively. *See Anderson v. Colvin*, ___ F. Supp. 3d ____, 2016 WL 7013472, at *10 n.8 (D. Or. Nov. 30, 2016). The Court declines to decide the issue here. Neither party has indicated any difference in outcome based on which SSR applies, and the Court concludes that the ALJ's findings in this case are sufficient regardless of which SSR applies. *Cf. Ortiz v. Berryhill*, 2017 WL 706079, at *2 n.4 (C.D. Cal. Feb. 21, 2017) (noting substantial similarity between analysis under SSR 96-7p and SSR 16-3p (citing *R.P. v. Colvin*, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016))).

claimant's conservative treatment in making an adverse credibility determination); *Bray*, 554 F.3d at 1227 (same for daily activities); *Gregory v. Bowen*, 844 F.2d 665, 666-67 (9th Cir. 1988) (same for previous ability to work with same alleged limitations); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (same for inconsistent statements); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (same for the claimant's demeanor and appearance).[3] Moreover, all of the ALJ's findings are supported by substantial evidence. *See* Docket No. 23 at 12-15 (providing citations to the record). By way of example: (1) the ALJ's finding of conservative treatment is supported by the record showing that Plaintiff's treatment included some physical therapy but consisted in large part of refilling medication, *e.g.*, A.R. 352, 366;[4] (2) the ALJ's finding regarding Plaintiff's recent work is supported by her testimony that she worked as recently as June 2012 despite her testimony that her pain remained unchanged for 10 to 12 years, A.R. 46-47; and (3) the ALJ's finding regarding Plaintiff's daily activities is supported by her testimony that they included personal care, household chores, cooking, walking for exercise, going to the hot tub, exercising in the pool, and taking public transportation, A.R. 55-58. While Plaintiff may have wanted the ALJ to interpret the evidence differently, the ALJ did not err in finding Plaintiff's testimony less than fully credible.

### B. Weight Afforded to Opinions

Plaintiff next challenges the ALJ's decision to give limited weight to the opinion of her treating physician, Dr. Martinez, and to give great weight to state agency physician Elsie Villaflor and some weight to consultative examiner David Mumford. *See* Docket No. 21 at 5-9. A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). The opinion of a treating

---

[3] To the extent Plaintiff contends an ALJ may not consider any inconsistency between a claimant's testimony and the medical opinion evidence, Docket No. 21 at 12, the Court disagrees, *see, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

[4] Plaintiff argues that the ALJ erred in this respect because Plaintiff could not afford treatment at times. Docket No. 21 at 12. Plaintiff has failed to cite to any part of the record in which a more aggressive treatment was even recommended, however.

physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a

claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). When the

opinion of a treating physician is contradicted by another doctor, the ALJ may reject the opinion of the

treating physician by articulating specific and legitimate reasons that are supported by substantial

evidence. *Id.* at 957. The opinions of non-treating or non-examining physicians may also serve as

substantial evidence when the opinions are consistent with independent clinical findings or other

evidence in the record. *Id.*

In this case, Plaintiff argues that the ALJ provided insufficient reason for discounting the opinion

of Dr. Martinez. Docket No. 21 at 5-9. The Commissioner disagrees. In particular, the Commissioner

contends that the record supports the ALJ's findings that Dr. Martinez relied on Plaintiff's subjective

complaints, that her findings were not supported by the medical record (including Dr. Martinez's

treatment notes), that her findings were inconsistent with Plaintiff's daily activities, and that Dr.

Martinez misstated her history of treating Plaintiff. *See* Docket No. 23 at 4-10. As such, the

Commissioner contends that the ALJ did not err in discounting the opinion of Dr. Martinez. *See id.*

The Commissioner has the better argument. The ALJ discounted Dr. Martinez's opinion based

on, *inter alia*, (1) Dr. Martinez's reliance on Plaintiff's subjective complaints, while there was reason

to doubt those complaints, (2) the lack of support in the medical record, and (3) Plaintiff's inconsistent

daily activities. A.R. 23.[5] The Ninth Circuit has made clear that these are proper factors for an ALJ to

---

[5] The parties also dispute whether the ALJ properly discounted Dr. Martinez's opinion based on her
misstatement as to her history in treating Plaintiff. Docket No. 21 at 6-7; Docket No. 23 at 7-8. Plaintiff
fails to make any showing that an error with respect to this issue is not harmless. *See Molina v. Astrue*, 674
F.3d 1104, 1111 (9th Cir. 2012) ("The burden of showing that an error is harmful normally falls upon the
party attacking the agency's determination" (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))). As
such, the undersigned declines to express an opinion on this dispute.

Plaintiff also notes that Dr. Martinez submitted a letter to the Appeals Council indicating that
Plaintiff had been unable to work since October 2011. Docket No. 21 at 7; *see also* A.R. 424. "[W]hen a
claimant submits evidence for the first time to the Appeals Council, which considers that evidence in
denying review of the ALJ's decision, the new evidence is part of the administrative record, which the
district court must consider in determining whether the Commissioner's decision is supported by substantial
evidence." *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *see also Taylor
v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). The conclusory statement of disability

consider. *E.g.*, *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (finding that an ALJ may properly discount a doctor's opinion premised to a large extent on the claimant's subject complaints, when those allegations have been properly discounted); *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (same for lack of support in the physician's own treatment notes); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (same for inconsistency with the plaintiff's daily activities). Moreover, substantial evidence exists in the record supporting those findings. As to Plaintiff's subjective complaints of disability, the ALJ found her testimony to be not entirely credible, A.R. 22, and the undersigned has found that determination supported by substantial evidence. Moreover, the ALJ properly concluded that the record (including Dr. Martinez's treatment notes) did not support the limitations opined by Dr. Martinez. *See, e.g.*, Docket No. 23 at 5-7 (providing extensive citations to the record). Lastly, Plaintiff testified to a variety of daily activities that the ALJ could properly view as inconsistent with the limitations opined by Dr. Martinez. A.R. 54-58.

In short, the ALJ articulated specific and legitimate reasons supported by substantial evidence in discounting the opinion of Plaintiff's treating physician. It was not error to do so.

## IV.    CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error.

submitted by Dr. Martinez does not render the ALJ's decision unsupported by substantial evidence. *See, e.g.*, *Williams v. Colvin*, 2016 WL 2956223, at \*5 (D. Nev. Mar. 29, 2016) (finding conclusory assertions of disability submitted to the Appeals Council by a treating physician were insufficient to render the Commissioner's decision not supported by substantial evidence), *adopted*, 2016 WL 2945195 (D. Nev. May 20, 2016).

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 21) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 23) be **GRANTED**.

IT IS SO ORDERED.

DATED:    April 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).